UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN W. PETERS and<br>CHRISTIE HEMBREE,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>LIFELINE SYSTEMS COMPANY, et al.,<br><br>　　　　Defendants. | Case No.　4:08CV1862 RWS |

## MEMORANDUM AND ORDER

Plaintiffs filed this wrongful death suit alleging that a Lifeline medical alert signaling device caused the death of their mother on March 26, 2006. Plaintiffs sued Defendant Lifeline Systems, Inc., the alleged manufacturer of the device. In an amended complaint Plaintiffs added Phillips Holding U.S.A., Inc. (PHUSA) as a defendant in this action. PHUSA filed a motion to dismiss based on lack of personal jurisdiction and a failure to state a claim.

On March 22, 2006, four days before the death of Plaintiffs' mother, Lifeline Systems, Inc. merged with a company named DAP Merger Sub, a wholly owned subsidiary of PHUSA. The merged corporation retained the Lifeline name and is a wholly owned subsidiary of PHUSA.

PHUSA is a Delaware corporation. In support of its motion to dismiss PHUSA has provided evidence that it has no contacts with the state of Missouri that would support jurisdiction in this Court under Missouri's long-arm statute or the due process requirement of minimum contacts. Plaintiffs have not produced any evidence to the contrary.

Alternatively, Plaintiffs assert that jurisdiction against PHUSA is proper under the theory of piercing the corporate veil. A parent company is not responsible for the injury caused by its subsidiary corporation. Radaszewski by Radaszewski v. Telecom Corp., 981 F.2d 305, 306 (8th

Cir. 1992). To pierce the corporate veil to impose liability on a parent corporation a plaintiff must show that the parent company (1) completely dominated the policy and business practice in respect to the transaction attacked so that the corporate entity as to the transaction had at the time no separate mind; (2) such control must have been used to commit the wrong; and (3) the control and breach of duty must have proximately caused the injury. Id. (citing Collet v. American Nat. Stores, Inc., 708 S.W.2d 273, 284 (Mo. Ct. App. 1986).

To pierce the corporate veil a parent corporation had to completely control its subsidiary at the time the complained of conduct occurred. The undisputed evidence is that PHUSA became the parent corporation of Lifeline Systems, Inc. only four days before the death of Plaintiffs' mother. Plaintiffs have not produced any evidence that at the time the Lifeline product at issue was manufactured, sold, marketed or provided to the decedent, PHUSA had any control of Lifeline Systems, Inc. Given the timing of PHUSA becoming the parent of Lifeline Systems, Inc. only four days after the accident in this matter it is not plausible that PHUSA exerted the type of control at the time the complained of conduct occurred needed to pierce the corporate veil.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Phillips Holding U.S.A., Inc.'s motion to dismiss [#31] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2009.